*116 OPINION of the Court, by
Ch. J. Bibb.
Johnson had judgment in ejectment against Doan, upon a declaration and notice, with proof of service upon him as tenant in possession, produced in court on the 4th of June, At September term in the same year, certain . 1 . , , f commissioners were appointed, by consent of parties, to make an estimate of improvements, rents, waste, re-Auction of soil, &c. agreeable to the statute entitled ... 7 . ° . , . c , , M “ An act concerning occupying claimants or land. The commissioners returned a report, dated the 13th February, 1808, which the plaintiff moved the court to quash ; 1st. because the commissioners had not stated the period to which they had relation in the valua-tjon improvements, before and after notice : 2dly. because they had allowed rents from the commencement of the ejectment only, whereas they should have t>een allowed from the commencement of the suit in. chancery by Robert Johnson, the plaintiff in ejectment, against Martin Daniel and others, in the late district court p0iden jn Paris. The court were divided in opinion, by reason of which the motion did not obtain ; to which the defendant took his bill of exceptions; by which it appears that Doan held possession of the land by virtue cf the claim of Martin Daniel ; that Doan had no conveyance from Daniel; that the plaintiff in ejectment, on a t't^e adversary to said Daniel’s, under which the said Doan claimed, had commenced a suit in the late court holden at Paris, having jurisdiction over iancj jn controversy ; that this suit was commenced . ⅜ , J . . . , in 1797 ; that the process which was executed was returnable and returned to the July term 1798, and at the May term of the Bourbon circuit court, in the year 1806, Johnson obtained a decree for the whole of the land *117 claimed in ejectment, and having so obtained the decree, he brought the present ejectment to gain the possession as aforesaid, held by Doan under said Daniel’s claim as aforesaid, decreed in favor of Johnson. There was no evidence offered as to the time at which Doan became tenant under said Daniel. The court, having disposed of the motion, gave judgment in favor of Doan for the balance reported by the commissioners, with costs ; from which Johnson appealed.
When the party might have excepted but did not, the intendment is that there was no cause, or that it was waived, Ejitll vs, Wil-hite Har. 529. ' — Bcdley vs, Craig, ante 1 — . Pa trick & 'wife vs. M'Clure,
The report ought to ftate the period (assumed by them) of notice to the occupant. The want of such ftatement good cause of exception if taken in time.
Occupant ¿hewing no deed previous to suit in chancery by Johnson vs, Daniel, ihewing bo title paramount to the decree and no title of record, if entitled to the provisions of the ftatute, must be so by iheltering.him-self under Daniel, notice to Daniel must bind his tenant Doan,
The suit in Chancery by Johnson vs. Daniel, and not the ejectment against Doan% after the decree rendered, ought to have been taken as the commenu'tient of notice.
*117 The assignment of errors made in this court, may be considered in the following order :
1st. That the court erred in adjudging against Johnson the costs of the report, and especially as they had made no allowance to the commissioners, “ which was the only costs” accruing.
2d. “The said commissioners have not shewn by what evidence or document they were justified in estimating the value of one hundred andfifty acres as woodland, under the provisions of the said act of assembly.”
3d. The defendant in ejectment had shewn no title, derived from record, which could entitle him to the provisions of the statute in favor of occupants.
4th. and 5th. That they erred upon the points moved in that court and stated in the bill of exceptions.
Upon the first member of the first assignment, the court is of opinion, that the costs ought to follow the judgment given on the report of the commissioners ; if in favor of the occupant he should have costs, if against him he should pay costs; whether it is because the rents exceed the improvements, or because the improvements overgo the value of the land as woodland. The statute exonerates the occupant from all claim or action for rents, profits or damages, before actual notice of the adverse claim, but leaves him liable for them after notice. The commissioners may be appointed on the motion of either-party: the occupant, or the successful claimant, thinking the balance will eventuate in his favor, may move for the appointment of commissioners to make the estimate. It may therefore be likened to an action by the one or the other, in which, whoever prevails should have his costs.
Upon the second member of this assignment, it is sufficient to remark, that costs must necessarily accrue to the clerk for the order of appointment, return of *118 the report, judgment, &c. but if the court make no allowance to the commissioners, as directed by the act, then none can be taxed on that account in the bill of costs.
Same principle, Nourse's heirs vs.. 'Turn-ham, ante 6z,
The second question admits of several solutions. The commissioners have the power expressly, by statute, to examine “ witnesses” as to “ any fact material in the enquiry and assessment by this act directed and the power of examining into facts, and pursuing the objects of their commission, by other evidence than that which might fall under the denomination of witnesses, or a trial per testes in the stricter sense, seems to follow the appointment as necessarily appendant. To call upon a surveyor to aid in ascertaining the quantities of meadow and arable lands, or to look into a grant or a deed to ascertain the extent of the occupant’s claim, or to cause a survey to be made to ascertain the quantity of interference in the conflicting claims, seems necessary to the proper discharge of the duties required by the statute. Yet the statute does not require, nor does reason demand, that the commissioners should annex to their report the evidence upon which they have acted. If they err in any particular, the corrective is applied by taking exception to the report; in which case, the court should give to the one party or the other a reasonable opportunity to make good the exception or to fortify the report, as the affirmative or the negative of the proposition might fail. But the report should be taken as correct in those parts to which there was no exception in the court below. For when the party might have excepted but did not, the intendment must be, either that there was no just cause for exception, or that it was waived. These observations are intended to apply to those matters only which fall within the proper sphere ®f the powers and duties assigned to the commissioners. These principles are recognised, orare deduciblefrom those established in the cases of Patrick & ux vs. M'Clure, Bodley vs. Craig, (fall term 1808) and Estill vs. Wilhite, &c. (spring term 1808.) This exception, therefore, erroneously supposes the commissioners were bound to state the evidence upon which they acted ; but the predication of error in the quantity of woodland, which it would seem to imply, must be considered as unfqunded or waived, because it is not stated in the exceptions below.
*119 The third assignment was not a point in the exceptions below, and comes directly within the adjudications before mentioned.
The 4th question is, rvhether the commissioners ought to have stated, or caused to appear in their report, the period at which they fixed the notice to the occupant, from whence to make their estimate of improvements, rents, damages, Stc. as required by the statute. This period is the key to all their calculations. Notice is the line which divides between the responsibility and irresponsibility of the occupant to the claim of the evictor; and it is the line which distinguishes between the improvements which the better claimant must pay for, at all events, and those for which the occupant must receive satisfaction, only from the rents and profits accrued, and in case of a deficit, must pro tanto be the loser— (See sec. 3d, and the last proviso in the 8th sec. of the act.) Error in this point of notice may prove very prejudicial to the one or the other of the parties: for if it is fixed at too late a period, the evictor will lose his rents, and be compelled to pay for improvements absolutely, for which he might otherwise have been bound to pay only sub modo : if at too early a period, the occupant may be charged with so large an account of rents, profits and damages, as to swallow his improvements. This fact or point assumed, like all other postulates and results from evidence, ought to be specified ; and the want of such a specification, if excepted to in due time, must be a good cause why such report should not be confirmed. This accords with the principles of Bodly vs. Craig and Estill vs. Wilhite. The time for which rents are allowed, will serve argumentatively to lead the parties to the point assumed, or somewhere near it; but in many cases it must be fallacious, because the commissioners have not made the calculation for the fraction of a year. As a mistake or partiality in this respect is so capable of changing the results from estimates in other respects properly made, is so easily corrected if erroneously stated, but if not stated, is so difficult to detect, more especially m cases of partiality, there is much reason for retaining reports (where such exception is taken) until amended, or, if not amended in reasonable time, for quashing them.
*120 Tb.e last exception to the report is, for allowing only one year’s rent, whereas rents should have been allowed from the commencement of the suit in chancery. The commissioners have reported all the improvements as made before notice, but when they were made they have not stated, and they have allowed but one year’s rent. The statute is positive, that the occupant shall be charged with the rents and profits of the -whole of the improvements which were on the land at the time of notice of the adverse claim. The commissioners, therefore must have made their estimates upon the postulatum, that notice to the occupant was within one year next preceding the date of their report, or they must have untruly reported that no improvements were made after notice. Taking the former as the fact, the question then grows fairly out of the bill of exceptions, whether the allowance of but one year’s rent was proper. It is expressly stated, that no evidence was offered to the court at what time Doan became tenant under Daniel’s claim; and that he had no conveyance from Daniel. By the first section of the statute, an occupant, claiming the provisions of the act, must deduce a plain and connected title, in law or equity, from the record of some public office. Doan has deduced no such title previous to the commencement of the suit against Daniel by Johnson, nor paramount to the decree in that cause. If Doan is entitled to the provisions of the act, it must be by sheltering himself under Daniel, and claiming his own occupancy as that of Daniel. Notice to Daniel, therefore, must bind Doan, sheltering himself under Daniel, to the same extent that Daniel himself was bound.
The exceptions to the report, made in the court below, were improperly overruled.
It is therefore considered by the court, that the judgment in favor of said Doan, upon the report of the commissioners, be reversed ; the cause remanded to the said circuit court with directions to quash the said report, with costs, and cause an estimate and assessment to be made conformable to the principles expressed in the aforegoing opinion.