Opinion of the Court, by
Judge Boyle.
THIS was a prosecution againt Schooler upon a charge of bastardy. Schooler appeared at court in discharge of his recognizance, and the court determined, after hearing the evidence and arguments of counsel, that he was guilty of the charge, directed that the child should remain with Elizabeth Wiley, its mother, and ordered that Schooler should enter into bond in the sum of two hundred and eighty dollars, with sufficient security, for the payment of one hundred and forty dollars, at certain times, and in certain proportions directed in the order. The court also ordered, that Elizabeth Wiley should recover her costs, expended in the prosecution. Schooler, in conformity to the order, entered into bond to the Governor, with Joseph Stephens his security, conditioned to pay the hundred and forty dollars, allowed for the maintenance of the child, to Elizabeth Wiley, in the proportions, and at the times mentioned in the order. After the first instalment became due, upon motion of the said Elizabeth Wiley, the court gave judgment in her favor, for the amount thereof and costs.
Schooler now prosecutes this writ of error; and by his assignment of error, takes numerous objections to the record and proceedings in the case.
The errors assigned, from the ninth to the fourteenth, relate exclusively to the proceedings and judgment upon the motion for the instalment due. The writ of error, embracing only the original order for the maintenance of the child, and not the judgment for the instalment, the errors assigned, with respect to the latter, cannot be noticed. Whether both might have been *89 joined in the same writ of error, the case does not require us to decide. It may, however, be remarked, that in the latter, the parties are different from those in the former; and hence it would seem to follow, that in a writ of error, the parties must necessarily be different. Thus, the latter judgment being against Schooler and his security, both, it would seem, must join in writ of error; but the former judgment or order, being against Schooler alone, the present writ of error is properly brought in his name only.
The remaining errors may be classed under objections, first, to the warrant and proceedings antecedent to the appearance in discharge of his recognizance; secondly, to the order for the maintenance of the child, and the bond given in consequence thereof; and thirdly, to the order or judgment for costs.
It is unnecessary to examine the supposed defects in the warrant and proceedings prior to appearance. Schooler having appeared and pleaded to the charge, can never afterwards be permitted to avail himself of objections to the process and proceedings, intended merely to coerce an appearance. The objections to the order and the bond given for the maintenance of the child, are too nice and unsubstantial to be regarded. The order and the bond are in the usual form, and if they are not literally and strictly, they are at least substantially and essentially, conformable to the act of assembly. To support the objections to them, would be to require a technical precision, not exacted by the letter nor warranted by the genius arid spirit of the law.
The objection to the judgment or order for costs, presents the only difficulty that occurs in the case. Upon this point, two questions arise. First, ought costs to have been awarded? And secondly, if so, ought they to have been awarded to Elizabeth Wiley, and not to the Commonwealth?
With respect to the first question, we have no doubt. The rigid and literal construction given by courts, to the statutes concerning costs, induced the Legislature to enact, that the laws of costs should not be interpreted as penal laws. (See Litt. Ed. Laws Ken.vol. I, p. 500.) Since the enaction of this provision, the courts have been more liberal with regard to costs. They have considered, that cases within the reason, though not within the letter, come within the remedy provided by *90 the laws of costs. The act authorising a prosecution for bastardy, not having given costs, does not warrant a conclusion, that the judgment for costs is improper. In the case of Bradley, &c. vs. Tompkins, Spring Term 1808, it was decided, that on a motion by the sheriff against his deputy and securities, costs were properly awarded, though none were given by the statute authorising that summary mode of proceeding. So, in the case of Johnson vs. Doan, decided at this term, it was determined, that the successful party in a proceeding by commissioners, under the occupying claimant law, was entitled to costs, notwithstanding costs were not expressly given by the law.
Hardin 184.
1 Bibb 116.
We see nothing in the present case, to distinguish it in principle from those cases, and others of a similar nature, which might be mentioned.
As to the question whether the costs ought to have been awarded to Elizabeth Wiley, or to the commonwealth, it must be very immaterial to Schooler, how it is decided; since, whether they are to be paid to the one or the other, the amount is the same. As the question is made, it may, however, be proper to decide it; to do which, it will be necessary to ascertain, for whose benefit the prosecution is carried on. The law does not seem intended, as was contended by the counsel for Schooler, to relieve the community from the burthen of maintaining the child, by compelling the father to support it. There is nothing in the law, nor in the practice finder the law, to justify an inference of that sort. Had such been the object of the law, it would have been so framed as to have been applicable only, to cases where the mother of the child was, herself, a pauper, or unable to maintain it; but there is nothing in the law, to confine it to cases of that kind. The expressions of the law are general, and apply to any single woman, without respect to her wealth or poverty. Nor is it believed, that in point of practice, the prosecution is ever made to depend upon the ability or inability of the mother to support the child. It would be unjust and unreasonable, that such should be the case. The obligation of the father of a child, is, at least, equal to that of the mother, to maintain it. And it would be a great defect in the police of a country, if the law furnished her no means to compel him to contribute to its support.
*91 The proceedings in the case of bastardy, cannot be considered as a criminal prosecution; nor the order for the maintenance of the child, in the nature of a penalty.
The true object of the law seems to be, to enforce upon the unfeeling father, the performance of a natural duty, for the easement and benefit of the mother, at whose instance only, can the prosecution be instituted or carried on.
Upon the whole, we think the judgment for costs in favor of Elizabeth Wiley, is correct.
It is, therefore, considered by the court, that the order of the county court aforesaid, be affirmed with damages and costs.